DAVID S. GORBATY, Judge Ad Hoc.
hln this appeal, plaintiff Michelle Daigle contends the trial court erred in granting the exception of no cause of action filed by Hibernia National Bank (“Hibernia”). For the reasons set forth below, we affirm.

FACTS AND PROCEDURAL HISTORY

Daigle filed suit against Hibernia .and Bryan Peters. The lawsuit sought to annul an Assignment of Deposit Account (“Assignment”) between Michelle Daigle, as borrower, and Hibernia, lender. In the Assignment, Daigle purported to assign a deposit account in the amount of $50,000. The petition alleges that the Assignment was procured by fraud or, alternatively, intentional or negligent misrepresentation, or excusable error induced by Peters, Hibernia’s employee and loan officer.
In particular, Daigle alleges that Peters, who is also Daigle’s brother-in-law, told Daigle that the Assignment would secure a loan (the “Loan”) that would be used to purchase a business for Renee Peters, Dai-gle’s sister. Daigle later determined that the subject loan was not used to purchase a business for Ms. Peters. Daigle alleges that she would not have executed the Assignment had she known that the Loan proceeds would be used for purposes other than the purchase of a business for her sister. Plaintiff further asserts that she thought the assignment was for $25,000, not $50,000, as she later discovered. Dai-gle claims that defendant Peters was acting in the course and scope of his employment and/or agency with Hibernia when he represented that the Loan proceeds would be used to purchase a business for Renee.
| gHibernia filed exceptions of no right or cause of action, vagueness, ambiguity, and prescription. The trial court granted the exception of vagueness and ordered Daigle to amend her petition within fifteen (15) days. The trial judge specifically expressed concerns that the petition did not specify that defendant Peters acted other than on his own, personal behalf when he had Daigle execute the Assignment. After plaintiff amended her petition, the trial court granted Hibernia’s exception of no cause of action, and dismissed Hibernia from the lawsuit. Daigle subsequently filed this appeal.

DISCUSSION

In her sole assignment of error, Daigle avers that the trial court erred in sustaining Hibernia’s exception of no cause of action. Daigle asserts that Peters was acting in the course and scope of his employment, and thus Hibernia should be responsible for his actions.
The issues presented by this appeal are questions of law. As such, we review them de novo. Guzzardo-Knight v. Central *40 Progressive Bank, 1999-1449 (La.App.1 Cir. 6/23/00), 762 So.2d 1243.
Daigle admits to executing the Assignment. She also admits that she did not read the Assignment, but instead relied upon the representations of her brother-in-law, Peters, as to the content of the Assignment.
In Tweeael v. Brasseaux, 433 So.2d 133 (La.1983), the Louisiana Supreme Court states, “The law of Louisiana is that one who signs an instrument without reading it has no complaint... the law does not compel people to read or to inform themselves of the contents of instruments which they may choose to sign, but that... it holds them to the consequences, in the 1¡¡same manner and to the same extent as though they had exercised those rights...”
Daigle acknowledges in her petition that she did not know the loan was for $50,000 instead of $25,000 because she did not read the loan documents. Under Tweedel, Dai-gle cannot now complain that the amount was greater than she believed.
Daigle’s main claim is for the misapplication of the proceeds: the money was not used for the purpose for which Daigle intended. There has been no evidence or testimony presented to support a theory that Hibernia could, in any way, be responsible for this misapplication. Hibernia had no control over the money after it was disbursed. Daigle’s brother-in-law and possibly her sister are responsible for what happened to the money after it was distributed. Peters’s actions after the disbursement of the money clearly do not fall within the course and scope of his employment. The misapplication of the proceeds did not fall within the course and scope of his employment. As such, Hibernia cannot be held accountable for it.

CONCLUSION

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.